**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**MICHAEL A. PRYOR**
d/b/a APRYOR TRANSPORT LLC                                              **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO.: 3:23-cv-309-MPM-JMV**

**CITY OF PONTOTOC**                                                    **DEFENDANT**

**ORDER STAYING CERTAIN PROCEEDINGS**

This matter is before the court on Defendant's Motion to Stay [37] filed on January 24, 2024. As more than 14 days have passed, and no response has been received from Plaintiff, the matter is now ripe for decision. For the reasons that follow, the court finds the motion well taken and is hereby granted.

Plaintiff filed his Amended Complaint [10] on November 28, 2023, and Defendant filed its Answer [20] on January 2, 2024.[1] On January 10, 2024, the undersigned scheduled a case management conference [29] for February 12, 2024. Relevant to the instant motion, Plaintiff subsequently, on January 24, 2024, filed a motion for judgment on the pleadings [35], which serves as the basis for the present motion.[2]

A district court has broad discretion to stay proceedings and exercise control of its own docket and the course of litigation. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). If "resolution of a preliminary motion may dispose of the entire action", then staying discovery may be an appropriate course of action. *See Nankivil v.*

---

[1] Earlier that same day as the answer, Plaintiff moved for Entry of Default [16], which was granted [17] that same day. Defendant subsequently moved [22] to set aside the Clerk's entry of default on January 3, 2024, and Plaintiff moved [27] for default judgment on January 8, 2024. The District Judge, on January 10, 2024, entered an Order [28] finding as moot the motion for default judgment and granting the motion to set aside the entry of default.

[2] In the interim between the setting of the case management conference and the motion for judgment on the pleadings, Plaintiff filed a motion [30] for reconsideration re the order on the motion for default judgment and to set aside the entry of default as well as a motion [33] to disqualify counsel and counsel's law firm.

*Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. Feb. 4, 2003); *see also Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (explaining district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.").

Here, Defendant's motion for judgment on the pleadings raises questions of law that, if decided in favor of Defendant, could terminate the litigation. Accordingly, given the early stage of litigation and the pending dispositive motion for judgment on the pleadings, a stay of the case management conference and discovery in this cause is warranted. Defendant's motion to stay asks the undersigned to stay proceedings in their entirety outside of the pending motion for judgment on the pleadings. *See* Defendant's Memorandum in Support of Motion to Stay Proceedings [38] at ¶ 10. Because the motion [30] for reconsideration is fully briefed and properly before the District Judge, and the motion [33] to disqualify counsel and counsel's law firm is also properly before the District Judge, the undersigned declines to extend the stay to include these pending motions. This stay order also does not relieve the parties of any briefing requirements related to the pending motion for judgment on the pleadings.

THERFORE IT IS ORDERED that the case management conference and discovery in this cause are hereby STAYED pending a ruling on the pending motion for judgment on the pleadings. If necessary after the ruling on said motion, the court may re-order a case management conference to be set.

**SO ORDERED**, this, the 8th day of February, 2023.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**